UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW G. RICE,

        Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

        Defendant.
                                    /

Case No. 1:12-cv-1239

Hon. Hugh W. Brenneman, Jr.

**OPINION**

This matter is now before the court on the motion of defendant Ocwen Loan Servicing, LLC to dismiss plaintiff's amended complaint pursuant to Fed. Rules Civ. Proc. 12(b)(6) (docket no. 7).

      **I.**      **Background**

On or around February 4, 2008, plaintiff entered into a mortgage agreement granting a security interest in real estate located at 519 Dune Ridge Street, Saint Joseph, Michigan (sometimes referred to as "the property") in exchange for a loan in the amount of $285,000. Compl. (docket no. 1-2) at ¶¶ 1-2; Mortgage (docket no. 7-1). As part of the mortgage, plaintiff executed an agreement acknowledging that Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee as nominee for the lender, Taylor, Bean & Whitaker Mortgage Corp. Mortgage (docket no. 7-1). The mortgage was recorded with the Berrien County Register of Deeds on February 22, 2008, in Liber 2830 at p. 975. *Id.*

Plaintiff alleged that he entered into a loan modification dated August 13, 2010, "so he could meet his payment obligations." Compl. at p. 2 and at ¶¶ 9-10. In September 2011, plaintiff

entered into "a new re-modification" agreement. *Id.* at p. 2 and ¶ 13. However, defendant indicated that it did not receive plaintiff's December 2011 payment and advised plaintiff that it would no longer honor the September 2011 "re-modification" and would accelerate the loan. *Id.* at p. 2 and ¶¶ 14-18. Plaintiff alleged that defendant commenced foreclosure proceedings in January 2012. *Id.* at ¶ 18. However, records reflect that the mortgage was not assigned from MERS to defendant until February 23, 2012, and that the assignment was recorded with the Berrien County Register of Deeds on March 8, 2012, in Liber 2986 at p.1900 (docket no. 7-3). In addition, the Notice of Foreclosure Sale was first published on March 12, 2012. See Affidavit of Publication (docket no. 7-4 at p. 4).

On March 13, 2012, plaintiff alleged that he submitted "another re-modification," without knowledge that defendant was initiating foreclosure proceedings. Compl. at pp. 2-3 and ¶ 20. On March 13, 2012, plaintiff submitted re-modification documents for defendant's approval. *Id.* at ¶ 20. On March 15, 2012, plaintiff "confirmed receipt of the package and confirmed that it had been entered into [defendant's] system for review." *Id.* at ¶¶ 20-21. On March 16 and 17, 2012, plaintiff "submitted more paperwork, including his 2010 tax information in hopes that [defendant] would approve the request." *Id.* at ¶ 22.

On March 28, 2012, defendant indicated that plaintiff's "paperwork" could not be used. *Id.* at p. 3 and ¶ 23. Defendant "caused substantial delay" by not sending new documents, which plaintiff received on April 5, 2012. *Id.* at p. 3 and ¶ 24. Plaintiff "was unable to submit the loan re-modification package and [defendant] was unwilling to delay the [S]heriff's sale." *Id.* at p. 4. Sometime in March or April, defendant assigned a new case worker to plaintiff's mortgage, who informed plaintiff that defendant had not received plaintiff's "paperwork" which he had submitted

on March 13, 2012. *Id.* at ¶¶ 26-27. The property was sold to the Federal Mortgage Home Loan Corporation at a Sheriff's Sale held on April 12, 2012. *Id.* at p. 4; Sheriff's Deed (docket no. 1-3). The Sheriff's Deed was recorded in the Berrien County Register of Deeds on June 15, 2012 in Liber 2997 at p. 2615. *See* Sheriff's Deed (docket no. 1-3 at p. 2).

On or about October 8, 2012, plaintiff filed the present lawsuit in the Berrien County Circuit Court. *See* Compl. (docket no. 1-2). Plaintiff's complaint alleged eight counts: Count I (unlawful foreclosure per M.C.L. § 3201 *et seq.*); Count II (slander of title); Count III (quiet title); Count IV (violation of Michigan Fair Debt Collection Act); Count V (lender liability/fiduciary duty); Count VI (negligent infliction of emotional distress); Count VII(fraud and misrepresentation against defendant); and, Count VIII (negligent misrepresentation against defendant). There is no allegation in complaint that plaintiff redeemed the property from the mortgage foreclosure sale prior to filing suit. A Supplemental Affidavit of Purchaser attached to the Complaint, and recorded in the Berrien County Register of Deeds on July 5, 2012 in Liber 2999 at p. 2132, stated that the property had a redemption date of December 15, 2012. *See* Supplemental Affidavit (June 28, 2012) (docket no. 1-3 at pp. 8-9).

On November 7, 2012, defendant removed this matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). *See* Notice of Removal (docket no. 1).

**II. Standard of Review**

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6). A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim if it fails to

give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). A plaintiff's obligation to provide the defendants with a statement of his claim is obligated to provide "more than labels and conclusions." *Id.* Rather,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

In support of this motion, defendant contends that the complaint does not comply with Fed. Rules Civ. Proc. 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, defendant contends that plaintiff's allegations of fraud are deficient under

Fed. R. Civ. P. 9(b), which provides in pertinent part that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

### III. Plaintiff's claims

All of plaintiff's claims arise from an alleged unlawful foreclosure of the property which resulted in the issuance of an alleged unlawful Sheriff's Deed. *See* Compl. (docket no. 1-2). In Count I, plaintiff alleged that the foreclosure did not meet the procedural requirements contained in M.C.L. § 600.3205(a)-(e). *Id.* at ¶¶ 1-33. In Count II, plaintiff alleged that defendant slandered his title to the property by recording a false the Sheriff's Deed, with the intent to render the title to the property unmarketable. *Id.* at ¶¶ 34-39. In Count III, plaintiff seeks to quiet the title to the property as to defendant's improper title evidenced by the Sheriff's Deed. *Id.* at ¶¶ 40-44. In Count IV, plaintiff alleged that defendant's actions in unlawfully foreclosing the mortgage violated Michigan's Fair Debt Collection Act, M.C.L. § 339.901 *et seq. Id.* at ¶¶ 45-48. In Count V, plaintiff alleged that defendant's action in unlawfully foreclosing the mortgage resulted in a "breach of its fiduciary duty of loyalty, honesty, due care and good faith and fair dealing to [plaintiff]." *Id.* at ¶¶ 49-54. In Count VI, plaintiff alleged that defendant's agent's unlawful foreclosure constituted the negligent infliction of emotional distress. *Id.* at ¶¶ 55-61. In Count VII, plaintiff alleged that defendant made false representations of material fact that it could foreclose on plaintiff's property. *Id.* at ¶¶ 62-68. Finally, in Count VIII, plaintiff alleged that defendant made negligent misrepresentations of material fact that it could foreclose on plaintiff's property. *Id.* at ¶¶ 69-75. In Counts I, II, III, IV, VI, VII and VIII, plaintiff's seeks essentially the same remedy, i.e., to have the foreclosure sale declared unlawful and/or to invalidate the Sheriff's Deed. *Id.* at pp. 7-10, 13-15.

In Count V, plaintiff attacks the validity of the foreclosure, seeking money damages based upon a claim that the foreclosure was unlawful. *Id.* at p. 11.

The records before the Court reflect that the redemption period of December 15, 2012 is long past. *See* Supplemental Affidavit of Purchaser. The filing of this action in October 2012 did not toll the redemption period. *See Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 360 (6th Cir. 2013) (under Michigan law, the filing of a lawsuit is insufficient to toll the redemption period in a foreclosure by advertisement). In *Conlin*, the Sixth Circuit discussed the high standard which a plaintiff must meet to have a federal court invalidate or set aside a mortgage foreclosure by advertisement in Michigan:

> Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute under Michigan law. *Munaco v. Bank of America*, ——Fed.Appx.——, ——, No. 12–1325, 2013 WL 362752, at *3 (6th Cir. Jan. 31, 2013) (citing Mich. Comp. Laws § 600.3204 and *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 503 N.W.2d 639, 641 (1993)). While the statutory scheme provides certain steps that the mortgagee must go through in order to validly foreclose, *id.*, it also controls the rights of both the mortgagee and the mortgagor once the sale is completed, *Williams v. Pledged Prop. II, LLC*, 508 Fed. Appx. 465, 467–68, No. 12–1056, 2012 WL 6200270, at *2 (6th Cir. Dec. 13, 2012) (citing *Senters*, 503 N.W.2d at 641). The statutes provide the mortgagor six months after the sheriff's sale in which to redeem the property. Mich. Comp. Laws § 600.3240(8); *see also Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 951 (6th Cir.2012). Once this statutory redemption period lapses, however, the mortgagor's "right, title, and interest in and to the property" are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942); *see* Mich. Comp. Laws § 600.3236.
>
> Michigan's foreclosure-by-advertisement scheme was meant to, at once, impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. *See Mills v. Jirasek*, 267 Mich. 609, 255 N.W. 402, 404 (1934) (citing *Reading v. Waterman*, 46 Mich. 107, 8 N.W. 691, 692 (1881)); *see also Gordon Grossman Bldg. Co. v. Elliott*, 382 Mich. 596, 171 N.W.2d 441, 445 (1969). To effectuate this interest in finality, the ability for a court to set aside a sheriff's sale has been drastically circumscribed. *See Schulthies v. Barron*, 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969); *see also Senters*, 503 N.W.2d at 643. Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor

has made "a clear showing of fraud, or irregularity." *Schulthies*, 167 N.W.2d at 785; *see also Sweet Air Inv., Inc. v. Kenney*, 275 Mich.App. 492, 739 N.W.2d 656, 659 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." (internal quotation marks omitted)). Whether the failure to make this showing is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this "high standard" in order to have a foreclosure set aside after the lapse of the statutory redemption period. *See El–Seblani v. IndyMac Mortg. Servs.*, 510 Fed.Appx. 425, 429–30, No. 12–1046, 2013 WL 69226, at *4 (6th Cir. Jan. 7, 2013).

It is further clear that not just any type of fraud will suffice. Rather, "[t]he misconduct must relate to the foreclosure procedure itself." *Id.* (citing *Freeman v. Wozniak*, 241 Mich.App. 633, 617 N.W.2d 46, 49 (2000)); *see also Williams*, 508 Fed.Appx. at 468–69, 2012 WL 6200270, at *3 (citing *Heimerdinger v. Heimerdinger*, 299 Mich. 149, 299 N.W. 844, 846 (1941), and *Sagmani v. Lending Assocs. LLC*, No. 302865, 2012 WL 3193940, at *1 (Mich.Ct.App. Aug. 7, 2012)).

*Conlin*, 714 F.3d at 359-60 (footnotes omitted).

In addition to showing fraud related to the foreclosure procedure itself, a plaintiff seeking to set aside a foreclosure after the expiration of the redemption period must show that he was prejudiced by the defendant's failure to comply with the requirements of the foreclosure statute. *Id.* at 361. To demonstrate such prejudice, a plaintiff must show that he would have been in a better position to preserve his interests in the property absent the fraud (e.g., that the plaintiff would incur a double liability). *Id.* at 361-62.

Here, because plaintiff did not redeem the property during the statutory redemption period under Michigan law, the issue before this Court is whether his amended complaint has alleged "a clear showing of fraud, or irregularity" which "relate[s] to the foreclosure procedure itself" *Id.* at 360. Plaintiff's complaint does not meet that high standard. Plaintiff's fraud allegations appear in Count VII (Fraud and Misrepresentation). Under Michigan law, common-law fraud requires proof of six elements:

7

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Bennett v. MIS Corporation*, 607 F.3d 1076, 1100-01 (6th Cir. 2010), quoting *Cummins v. Robinson Twp.*, 283 Mich.App. 677, 770 N.W.2d 421, 435 (2009).

In support of his fraud claim in Count VII, plaintiff alleged that:

> 63. [Defendant] made representations of material fact with respect to the following:
>
> a. That [plaintiff] could no longer make payments to bring his loan current when his payment was late due to no fault of his own. When [plaintiff] offered to re-send payment, [defendant] would not accept any payment from him;
>
> b. While at the same time, without prior notice, and for reasons that are untrue, [defendant] claimed that the only way to become current was another re-modification request;
>
> c. That it lawfully could foreclose on his Property, when in fact it could not.

Compl. at ¶¶ 63. Plaintiff further alleged: that defendant's representations were false when made; that defendant made the representations with the intent to induce plaintiff's reliance; that plaintiff relied on the representations "by compulsion and by virtue of the foreclosure proceedings brought against him"; and that plaintiff was damaged as a result. *Id.* at ¶¶ 64-68.

Contrary to Fed. R. Civ. P. 9(b), plaintiff's allegations of fraud do not "state with particularity the circumstances constituting fraud or mistake." Plaintiff does not allege how the defendant's representations regarding how payments due on the outstanding loan were false, or how defendant made material representations with reckless disregard for the truth. Presumably, the

8

terms of the $285,000.00 mortgage loan, including payment due dates and the lender's ability to accelerate the loan, would be set forth in the promissory note which plaintiff executed. Whether the lender complied with the terms of the note would be a matter of contract law, and any breach of those terms would be actionable as a breach of contract, not as a tort (such as the alleged fraud). *See, e.g., Merchants Publishing Company v. Maruka Machinery Corporation of America*, 800 F. Supp. 1490, 1493 (W.D. Mich. 1992) (observing that it is well-settled under Michigan law that an action in tort requires a breach of duty separate and distinct from a breach of contract and that an action in tort will not arise for a breach of contract unless the action in tort would arise independent of the existence of the contract).

Even if plaintiff could amend the complaint to state his claim with more particularity and could demonstrate that the alleged acts were acts of fraud separate and distinct from a breach of the parties' contract, plaintiff's claim would still fail because such an alleged fraud did not relate to the foreclosure procedure itself. Rather, plaintiff's fraud claim related to his dealings with defendant outside of the mortgage foreclosure proceeding, i.e., plaintiff's efforts to have defendant accept a late payment before the foreclosure proceeding commenced and his efforts to enter into a "re-modification" agreement with defendant after the foreclosure proceeding commenced. A mortgagor's allegation that a defendant financial institution interfered with the mortgagor's ability to complete a loan modification fails to allege any fraud or irregularity as to the actual foreclosure proceeding. *Pettiford v. J.P. Morgan Chase Bank, N.A.*, No. 2:12-cv-11349, 2013 WL 3724788 at *3 (E.D. Mich. July 13, 2013). In order to set aside a foreclosure sale outside of the redemption period, "there must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." *Houston v. U.S. Bank Home Mortggae Wisconsin*

*Servicing*, 505 Fed.Appx. 543, 549 (6th Cir. 2012) (citing *Freeman v. Wozniak*, 241 Mich. App. 633, 617 N.W.2d 46, 49 (2000), in which the court found no equitable grounds for relief where a foreclosure procedure was "technically proper"). Moreover, plaintiff has failed to allege that he suffered any prejudice, such that he might incur double liability due to an alleged fraud in the foreclosure proceeding.

### IV.     Conclusion

Plaintiff's complaint is an attempt to collaterally attack a state mortgage foreclosure proceeding under a variety of legal theories. Because he failed to redeem the property prior to the December 15, 2012 redemption date, plaintiff's right, title, and interest in and to the property have been extinguished. *Conlin*, 714 F.3d at 359. In addition, plaintiff's complaint does not contain allegations of fraud related to the foreclosure proceeding sufficient to have the foreclosure set aside after the lapse of the statutory redemption period. *Id.* at 359-60. Accordingly, defendant's motion to dismiss (docket no. 7) will be **GRANTED** and this action **DISMISSED**.


Dated:  September 24, 2013                              /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge